**NOT FOR PUBLICATION**

FILED



MAR 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50307 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-07026-IEG-1 |
| v. | |
| DAVID XINIDAKIS, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted March 2, 2010 [**]
Pasadena, California

Before: RYMER and WARDLAW, Circuit Judges, and KENNELLY, [***] District
Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

David Xinidakis appeals the district court's revocation of supervised release, claiming there was insufficient evidence for the court to find he had committed the crime of stalking in violation of Cal. Penal Code § 646.9(a) and (b). Because a preponderance of evidence shows Xinidakis intended to place his victim in reasonable fear for her safety, we affirm.

## I

"We review the district court's decision to revoke a term of supervised release for an abuse of discretion." *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). "A district court may revoke a term of supervised release only if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *Id.* (quoting 18 U.S.C. § 3583(e)(3)). We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II

To establish the offense of stalking under California law, the government had to prove Xinidakis (1) followed or harassed another person, (2) made a credible threat, and (3) intended to place the victim in reasonable fear for her safety. *People v. Uecker*, 172 Cal. App. 4th 583, 594 (2009). The element of

intent "can be inferred from circumstantial evidence." *People v. Falck*, 52 Cal. App. 4th 287, 299 (1997).

Notwithstanding the innocence of Xinidakis's purported intentions, as in *Falck* it can be inferred that Xinidakis intended to place his victim in fear for her safety. He insisted on contacting her – face-to-face and by letter – after she told him "I don't want to talk to you," asked to be escorted to her car because she did not want to speak with him, and obtained a restraining order against him. *See id.*; *Uecker*, 172 Cal. App. 4th at 597. Similarly, Xinidakis was "warned away" from the victim by his pastors, a state court judge, his probation officers, and a federal court judge. *See Falck*, 52 Cal. App. 4th at 299.

Moreover, Xinidakis's letters contained sexual innuendo and expressions of lust, referenced acts of violence, and at times had a hostile tone. *See id.*; *Uecker*, 172 Cal. App. 4th at 597. And similar to *Uecker*, where the court inferred intent to induce fear because the defendant knew his victim knew he was a registered sex offender, 172 Cal. App. 4th at 597, Xinidakis knew his victim was aware of his criminal history for he told her he had been to prison for robbing a bank and was still on probation.

Xinidakis's attempts to put an innocent gloss on his behavior and to distinguish *Falck* are unavailing. As the district court noted, Xinidakis's letters

3

aren't as innocent as he claims; instead, they "indicate a person who might do things that are unreasonable and may cause harm to a person that he's obsessed with." Also, Xinidakis knew the victim was afraid of him, yet continued to look for her, propose to her, confront her, and write to her.

Accordingly, the government met its burden of proof; sufficient evidence supported the district court's determination. Likewise, the court acted well within its discretion in revoking supervised release.

AFFIRMED.